NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10284 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00429-CKJ-EJM-1 |
| v. | |
| CARLOS HARRIS ANTONE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted July 15, 2019**

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Carlos Harris Antone appeals from the district court's judgment revoking

supervised release and challenges three special conditions imposed upon

revocation.  We dismiss.

Antone contends that the district court violated his constitutional rights in

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

imposing special conditions of supervised release 10, 11, and 12, which restrict his contact with minors. The government argues that this appeal should be dismissed based on the appeal waiver contained in the disposition agreement. We review the enforceability of an appeal waiver and the constitutionality of a supervised release condition de novo. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).

As an initial matter, Antone has not identified any familial relationship that would show that a "particularly significant liberty interest" is implicated by the challenged conditions. *See United States v. Wolf Child*, 699 F.3d 1082, 1091-92 (9th Cir. 2012). Further, contrary to Antone's contentions, the conditions are reasonably related to the goals of deterrence, protecting the public, and rehabilitation, and involve no greater deprivation of liberty than is reasonably necessary. *See* 18 U.S.C. § 3583(d)(1), (2). Although Antone's only conviction for a sexual offense against a minor occurred in 1998, his more recent convictions for attempted sexual abuse and misdemeanor sexual abuse support the district court's decision to impose the conditions. *See United States v. Hohag*, 893 F.3d 1190, 1193-94 (9th Cir. 2018) ("[W]hen some *recent* event suggests that a defendant still poses a risk of engaging in sexual misconduct, there exists a greater need for a condition meant to address a defendant's history of sexual misconduct."). In addition, the 2016 sex offender evaluation on which the court

relied further supports the determination that the challenged conditions were reasonably necessary to accomplish the goals of supervised release. Accordingly, Antone's sentence is not illegal and we dismiss pursuant to the valid appeal waiver. *See Watson*, 582 F.3d at 988.

    **DISMISSED.**